UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Civ.

CARLOS TENECOTA,

                Plaintiff,

        -against-

ARISTIDIS THANOS, AIFA-TAF, LLC, and O.K.
CAFE OF WESTCHESTER, INC.,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

JUDGE ROMAN



14 CIV. 8964

Plaintiff CARLOS TENECOTA, by his attorneys, TULLY LAW OFFICE, P.C., complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

FIRST: Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA") to remedy Defendants' joint and several violations of the FLSA's wage-and-hour provisions, which violations have deprived Plaintiff of his lawfully earned wages, and that Plaintiff also brings wage claims under New York Labor Law Article 6, §§190 *et seq.*, Article 19 §§650 *et seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. Tit. 12, Part 137 *et seq.*, (collectively "NYLL").

## PARTIES

SECOND:  Plaintiff CARLOS TENECOTA ("TENECOTA") is an adult individual who resides in the Village of Ossining, County of Westchester, State of New York.

THIRD:    TENECOTA was employed by the Defendants, jointly and severally, as a dishwasher at the Landmark Diner, 265 S. Highland Avenue, Ossining, New York, from approximately December 2009 through March 19, 2014.

FOURTH:     TENECOTA is a covered employee within the meaning of FLSA and NYLL.

FIFTH:   Upon information and belief, at all relevant times, Defendant ARISTIDIS THANOS was and still is an individual who maintains his residence and domicile in the County of Westchester, State of New York.

SIXTH:   Upon information and belief, at all relevant times, Defendant ARISTIDIS THANOS was and still is a principal and shareholder of the Landmark Diner, located at 265 S. Highland Avenue, Ossining, New York.

SEVENTH:   Upon information and belief, at all relevant times, Defendant ARISTIDIS THANOS was and still is owner and/or operator of the Landmark Diner, located at 265 S. Highland Avenue, Ossining, New York.

EIGHTH:   Upon information and belief, at all relevant times, Defendant ARISTIDIS THANOS was and still is the Chief Executive Officer and Principal Executive Officer of Defendant O.K. CAFE OF WESTCHESTER, INC.

NINTH:   Upon information and belief, at all relevant times, Defendant ARISTIDIS THANOS was and still is an agent of the Landmark Diner, Defendant AIFA-TAF, LLC, and Defendant O.K. CAFÉ OF WESTCHESTER, INC.

TENTH:  Defendant ARISTIDIS THANOS is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed and/or jointly employed Plaintiff TENECOTA.

ELEVENTH:  At all relevant times, Defendant AIFA-TAF, LLC was and still is a New York domestic limited liability company, duly organized and existing pursuant to the laws of the State of New York having filed with the New York State, Division of Corporations, on or about

May 24, 2011, with a principal place of business within the County of Westchester, State of New York.

TWELFTH: Upon information and belief, at all relevant times, Defendant AIFA-TAF, LLC had an annual gross volume of sales made or business done of not less than $500,000.

THIRTEENTH: Defendant AIFA-TAF, LLC. is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed and/or jointly employed Plaintiff TENECOTA.

FOURTEENTH: At all relevant times, Defendant O.K. CAFÉ OF WESTCHESTER, INC. was and still is a New York domestic corporation, duly organized and existing pursuant to the laws of the State of New York having filed with the New York State, Division of Corporations, on or about March 3, 1997, with a principal place of business at 265 Highland Avenue, Ossining, New York.

FIFTEENTH: Upon information and belief, at all relevant times Defendant O.K. CAFÉ OF WESTCHESTER, INC. had an annual gross volume of sales made or business done of not less than $500,000.

SIXTEENTH: Defendant O.K. CAFÉ OF WESTCHESTER, INC. is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed and/or jointly employed Plaintiff TENECOTA.

SEVENTEENTH: Upon information and belief, at all relevant times the Landmark Diner, Defendant AIFA-TAF, LLC and Defendant O.K. CAFÉ OF WESTCHESTER, INC. shared a common management, and were centrally controlled and/or owned by Defendant ARISTIDIS THANOS.

EIGHTEENTH:  Upon information and belief, at all relevant times, Defendants were part of a single integrated enterprise with interrelated and unified operations.

NINETEENTH:  Upon information and belief, at all relevant times, Defendants were part of a single integrated enterprise that jointly employed Plaintiff.

TWENTIETH:  Upon information and belief, at all relevant times, Defendants were part of a single integrated enterprise engaged in interstate commerce with annual revenue of not less than $500,000, and with employees that handled goods moved in interstate commerce.

TWENTY-FIRST:  Upon information and belief, at all relevant times, Defendants, jointly and severally, maintained substantial control, oversight and direction over TENECOTA and similarly situated employees at the Landmark Diner, including with respect to employment related factors such as workplace conditions and operations, personnel and compensation.

TWENTY-SECOND:  At all relevant times, Defendants, jointly and severally, were employers within the meaning of the FLSA and the NYLL, and employed and/or jointly employed Plaintiff TENECOTA.

## JURISDICTION AND VENUE

TWENTY-THIRD:  This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to of 28 U.S.C. §1331 and 1337.

TWENTY-FOURTH:  This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

TWENTY-FIFTH:  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. §1367.

TWENTY-SIXTH:  Plaintiff's state law claims are so closely related to Plaintiff's claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

TWENTY-SEVENTH:  Each of the Defendants is subject to personal jurisdiction in the County of Westchester, within the United States District Court's Southern District of New York.

TWENTY-EIGHTH:  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) based upon Defendants' respective residences and principal places of business, and because Defendants are subject to personal jurisdiction in the Southern District of New York, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

TWENTY-NINTH:   Plaintiff was hired in or about December 2009 by Defendant ARISTIDIS THANOS, to work at the Landmark Diner, a commercial restaurant in the business of selling food and beverages, located at 265 S. Highland Avenue, Ossining, in the County of Westchester, State of New York ("the Landmark Diner").

THIRTIETH:  Plaintiff was not then given, nor has ever been given, any written record of the employment agreement as required by NYLL Article 6, §195.

THIRTY-FIRST: From approximately December 2009 through March 19, 2014, Plaintiff was employed or jointly employed by the Defendants at the Landmark Diner.

THIRTY-SECOND:   At all relevant times, Plaintiff was employed at the Landmark Diner as a dishwasher, and had no executive, administrative, professional or sales duties or responsibilities.   His duties included washing dishes, scrubbing grill and fry baskets, and washing kitchen walls and floors.

THIRTY-THIRD: At all relevant times, Plaintiff was not eligible to receive tips and did not receive tips in connection with his employment as a dishwasher at the Landmark Diner.

THIRTY-FOURTH: At all relevant times, Plaintiff's work was directly supervised by Defendant ARISTIDIS THANOS, who had the power to hire and fire employees, to set wages, to control the terms and conditions of employment, to make payroll decisions, to retain time and wage records, to manage the day-to-day operations at the Landmark Diner, and to stop any illegal pay practices that harmed the Plaintiff.

THIRTY-FIFTH: At all relevant times, Plaintiff's work was directly supervised by Defendant AIFA-TAF, LLC, and/or its agents, servants or employees, who had the power to hire and fire employees, to set wages, to control the terms and conditions of employment, to make payroll decisions, to retain time and wage records, to manage the day-to-day operations at the Landmark Diner, and to stop any illegal pay practices that harmed the Plaintiff.

THIRTY-SIXTH: At all relevant times, Plaintiff's work was directly supervised by Defendant O.K. CAFÉ OF WESTCHESTER, INC., and/or its agents, servants or employees, who had the power to hire and fire employees, to set wages, to control the terms and conditions of employment, to make payroll decisions, to retain time and wage records, to manage the day-to-day operations at the Landmark Diner, and to stop any illegal pay practices that harmed the Plaintiff.

THIRTY-SEVENTH: At all relevant times, Plaintiff typically worked six days a week, from Friday through Wednesday, during 51 weeks of each calendar year.

THIRTY-EIGHTH: Two days per week, on Fridays and Saturdays, during the period from December 2009 to March 19, 2014, Plaintiff typically worked eleven-hour shifts, from 3:00 p.m. to 2:00 a.m.

6

THIRTY-NINTH:    Four days per week, on Sundays, Mondays, Tuesdays and Wednesdays, during the period from December 2009 and March 19, 2014, Plaintiff typically worked ten-hour shifts, from 3:00 p.m. to 1:00 a.m.

FORTIETH:  At all relevant times, Plaintiff was provided one meal per shift.  He was not permitted to leave the diner for meals or other reasons during his shifts.

FORTY-FIRST:  At all relevant times, Plaintiff's meal periods were less than thirty minutes, and were typically and routinely interrupted by Defendant ARISTIDIS THANOS, who directed Plaintiff to eat faster and harassed Plaintiff return to work sooner.

FORTY-SECOND:  At all relevant times, Plaintiff was required to work on federal and state holidays.

FORTY-THIRD:  At all relevant times, Plaintiff typically worked approximately sixty-two hours each workweek, exceeding the standard forty hour workweek by approximately twenty-two hours each week

FORTY-FOURTH:  At all relevant times, Plaintiff typically worked approximately sixty-two hours per week at the sole direction of the Defendants, in the interests of the Defendants, and with the full knowledge of the Defendants, jointly and severally, and/or their agents, servants or employees.

FORTY-FIFTH:  From approximately December 2009 through April 2011, Defendants paid Plaintiff a flat weekly sum of three hundred fifty dollars ($350), for each week in which Plaintiff worked at the Landmark Diner. This weekly sum increased to three hundred seventy-five dollars ($375.00) per week during the period from May 2011 to July 2013.

7

FORTY-SIXTH:    From approximately August, 2013 through March 19, 2014, Defendants paid Plaintiff a flat weekly sum of four hundred dollars ($400.00) for each week in which Plaintiff worked at the Landmark Diner.

FORTY-SEVENTH:    Defendants failed to pay Plaintiff minimum wages for all hours worked, overtime for hours worked in excess of forty hours in a workweek, and spread-of-hours pay for workdays over ten hours.

FORTY-EIGHTH:    Upon information and belief, Defendants failed to keep accurate or adequate records of hours worked by Plaintiff for the period from December 2009 to March 19, 2014, as required by the FLSA and the NYLL.

FORTY-NINTH:    At all relevant times, Defendants failed to notify Plaintiff of his statutory rights with respect to earned wages, in violation of the FLSA and the NYLL, in that Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA and supporting federal regulations, including but not limited to 29 C.F.R. §516.4, and similarly, the relevant NYLL regulations, including but not limited to 12 NYCRR 137-2.3.

FIFTIETH:    As part of their ongoing business practices, Defendants, jointly and severally, have intentionally, willfully and repeatedly harmed Plaintiff by engaging in a pattern, practice and/or policy of violating the FLSA and the NYLL as described in this Complaint.

FIFTY-FIRST:  Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate or business policy or practice of minimizing labor costs by denying Plaintiff and other employees compensation in violation of the FLSA and NYLL.

FIFTY-SECOND:    Defendants' unlawful conduct has been repeated, ongoing and consistent over a period of several years.

FIFTY-THIRD:    At all relevant times, Defendants' unlawful conduct, policies, patterns and practices described in this Complaint have been willful.

FIFTY-FOURTH:  At all relevant times, Plaintiff has been the victim of a policy and plan perpetrated by the Defendants, jointly and severally, that has violated his rights under the FLSA and the NYLL by denying him minimum wages, overtime wages and spread-of-hours wages.

FIFTY-FIFTH:    Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful and in bad faith, and has caused significant economic damage to the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT – MINIMUM WAGE

FIFTY-SIXTH:  Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

FIFTY-SEVENTH:    At all relevant times, Defendants, jointly and severally, were an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

FIFTY-EIGHTH:  At all relevant times, Defendants were employers within the meaning of 29 U.S.C. §203(d).

FIFTY-NINTH:  At all relevant times, Plaintiff was employed by an entity engaged in commerce and/or the production of sale of goods for commerce within the meaning of 29 U.S.C. §§203(e), (m) and 206(a), and/or was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

SIXTIETH: At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. §203(e).

SIXTY-FIRST:  The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

SIXTY-SECOND:  At all relevant times, the federal minimum wage was $7.25 per hour, pursuant to the FLSA and supporting federal regulations.

SIXTY-THIRD:  At all relevant times, Defendants failed to pay Plaintiff at least $7.25 per hour for each of the approximately sixty-two hours per week that he worked as a dishwasher at the Landmark Diner.

SIXTY-FOURTH:  Defendants have engaged in a policy and/or practice of failing to pay Plaintiff the applicable minimum wage for all hours they directed, suffered or permitted him to work.

SIXTY-FIFTH:  Defendants have engaged in a pattern, policy and practice of violating the FLSA's minimum wage requirements, as detailed in this Complaint.

SIXTY-SIXTH:  Defendants knew, or ought to have known, that the practices described in this Complaint, including minimum wage violations under the FLSA were unlawful, and have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

SIXTY-SEVENTH:  Because Defendants' violations of the FLSA minimum wage requirements have been willful, a three-year statute of limitations applies to Plaintiff's claims, pursuant to 29 U.S.C.§255.

SIXTY-EIGHTH:  As a result of Defendants' minimum wage violations, Plaintiff has suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

SIXTY-NINTH:    Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

SEVENTIETH:    At all relevant times, Defendants, jointly and severally, were an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

SEVENTY-FIRST:    At all relevant times, Defendants were employers within the meaning of 29 U.S.C. §203(d).

SEVENTY-SECOND:    At all relevant times, Plaintiff was employed by an entity engaged in commerce and/or the production of sale of goods for commerce within the meaning of 29 U.S.C. §§203(e), (m) and 207(a), and/or was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

SEVENTY-THIRD: At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. §203(e).

SEVENTY-FOURTH:    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*. and the supporting federal regulations, apply to Defendants and protect Plaintiff.

SEVENTY-FIFTH:    At all relevant times, Defendants were required to pay Plaintiff overtime wages at time and a half for the hours that he worked in excess of forty hours in a workweek, pursuant to the FLSA and supporting federal regulations.

SEVENTY-SIXTH:    Defendants have failed to pay Plaintiff overtime wages at time and a half for the hours that he worked in excess of forty hours in a workweek, approximately twenty-two hours per week.

SEVENTY-SEVENTH:  Defendants have engaged in a policy and/or practice of failing to pay Plaintiff the applicable overtime wage for all hours they directed, suffered or permitted him to work.

SEVENTY-EIGHTH:  Defendants have engaged in a pattern, policy and practice of violating the FLSA overtime wage requirements, as detailed in this Complaint.

SEVENTY-NINTH:  Defendants knew, or ought to have known, that the practices described in this Complaint, including overtime wage violations under the FLSA were unlawful, and have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

EIGHTIETH:  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to Plaintiff's claims, pursuant to 29 U.S.C.§255.

EIGHTY-FIRST:  As a result of Defendants' overtime wage violations, Plaintiff has suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## AS AND FOR A THIRD CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT – NOTICE AND RECORD-KEEPING

EIGHTY-SECOND:   Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

EIGHTY-THIRD:  At all relevant times, Defendants, jointly and severally, were an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

EIGHTY-FOURTH:  At all relevant times, Defendants were employers within the meaning of 29 U.S.C. §203(d).

EIGHTY-FIFTH: At all relevant times, Plaintiff was employed by an entity engaged in commerce and/or the production of sale of goods for commerce within the meaning of 29 U.S.C. §§203(e), (m), 206(a), and 207(a) and/or was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§203(r) and (s).

EIGHTY-SIXTH: At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. §203(e).

EIGHTY-SEVENTH: Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. §211(c) and 29 C.F.R. §§ 516.5 and 516.6.

EIGHTY-EIGHTH: At all relevant times, Defendants failed to notify Plaintiff of his statutory rights with respect to earned wages, in violation of the FLSA and to 29 C.F.R. §516.4.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## NEW YORK LABOR LAW ARTICLE 19 – MINIMUM WAGE

EIGHTY-NINTH: Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

NINTIETH: At all relevant times, Plaintiff was an employee within the meaning of NYLL Article 6, §190, Article 19, §§ 651(5), 652 and the supporting New York State Department of Labor Regulations.

NINETY-FIRST: At all relevant times, Defendants were employers within the meaning of NYLL Article 6, §190, Article 19 §§ 651(6), 652 and the supporting New York State Department of Labor Regulations.

NINETY-SECOND: The minimum wage provisions of Article 19 of the NYLL, and the supporting New York State Department of Labor regulations, apply to Defendants and protect Plaintiff.

NINETY-THIRD:  From December 2009 through December 30, 2013, the New York State minimum wage, pursuant to the NYLL and supporting regulations, was $7.25 per hour.

NINETY-FOURTH:  From December 31, 2013 through March 19, 2014, the New York State minimum wage, pursuant to the NYLL and supporting regulations, was $8.00 per hour.

NINTEY-FIFTH: At all relevant times, Defendants failed to pay Plaintiff at least $7.25 per hour for each of the approximately sixty-two hours per week that he worked as a dishwasher at the Landmark Diner.

NINETY-SIXTH:  At all relevant times, Defendants failed to pay Plaintiff the minimum wage to which he was entitled under the NYLL and New York State Department of Labor regulations.

NINETY-SEVENTH:  Defendants have engaged in a pattern, policy and practice of violating the NYLL, as detailed in this Complaint.

NINETY-EIGHTH:  By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages for all of the hours that he worked, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations.

NINETY-NINTH:  As a result of Defendants' violations of the NYLL's minimum wage provisions, Plaintiff has suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, pre-judgment interest, post-judgment interest, and other compensation pursuant to NYLL Article 6, §198 and Article 19, §663.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## NEW YORK LABOR LAW ARTICLE 19 – UNPAID OVERTIME

ONE HUNDRETH:    Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

ONE HUDRED FIRST:   At all relevant times, Plaintiff was an employee within the meaning of NYLL Article 6, §§190, Article 19 §§ 651(5), 652 and the supporting New York State Department of Labor Regulations.

ONE HUNDRED SECOND:   At all relevant times, Defendants were employers within the meaning of NYLL Article 2, §§190, Article 19 §§ 651(6), 652 and the supporting New York State Department of Labor Regulations.

ONE HUNDRED THIRD:    The overtime wage provisions of Article the NYLL and the supporting New York State Department of Labor regulations, apply to Defendants and protect Plaintiff.

ONE HUNDRED FOURTH: At all relevant times, Defendants were required to pay Plaintiff overtime wages at time and a half for the hours that he worked in excess of forty hours in a workweek, pursuant to the NYLL and supporting state regulations, including but not limited to 12 NYCRR 137-1.3.

ONE HUNDRED FIFTH:  Defendants have failed to pay Plaintiff overtime wages at time and a half for the hours that he worked in excess of forty hours in a workweek, approximately twenty-two hours per week. .

ONE HUNDRED SIXTH:   At all relevant times, Defendants failed to pay Plaintiff overtime wages to which he was entitled under the NYLL and New York State Department of Labor regulations.

ONE HUNDRED SEVENTH:  Defendants have engaged in a pattern, policy and practice of violating the NYLL, as detailed in this Complaint.

ONE HUNDRED EIGHTH:  By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for all of the hours that he worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL Article 6, §190 *et seq*  and Article 19 §§650 *et seq.* and the supporting New York State Department of Labor regulations.

ONE HUNDRED NINTH:  As a result of Defendants' violations of the NYLL's minimum wage provisions, Plaintiff has suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, pre-judgment interest, post-judgment interest, and other compensation pursuant to NYLL Article 6, §198 and Article 19, §663.

## AS AND FOR A SIXTH CAUSE OF ACTION:
## NEW YORK LABOR LAW ARTICLE 19 – SPREAD-OF-HOURS PAY

ONE HUNDRED TENTH:   Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

ONE HUNDRED ELEVENTH:  At all relevant times, Plaintiff was an employee within the meaning of NYLL Article 6, §§190, and Article 19, 651(5), 652 and the supporting New York State Department of Labor Regulations., including 12 NYCRR §137-1.7.

ONE HUNDRED TWELFTH:  At all relevant times, Defendants were employers within the meaning of NYLL §§190, 651(6), 652 and the supporting New York State Department of Labor Regulations, including 12 NYCRR §§137 *et seq.*

ONE HUNDRED THIRTEENTH:   The spread-of-hours provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations, apply to Defendants and protect Plaintiff.

16

ONE HUNDRED FOURTEENTH: At all relevant times, Defendants were required to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which he worked more then 10 hours per shift.

ONE HUNDRED FIFTEENTH: Defendants have failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which he worked more then 10 hours per shift.

ONE HUNDRED SIXTEENTH: At all relevant times, Defendants failed to pay Plaintiff spread-of-hours pay to which he was entitled under the NYLL and New York State Department of Labor regulations.

ONE HUNDRED SEVENTEENTH: Defendants have engaged in a pattern, policy and practice of violating the NYLL, as detailed in this Complaint.

ONE HUNDRED EIGHTEENTH: By Defendants' knowing or intentional failure to pay Plaintiff spread-of-hours pay for each shift that he worked in excess of ten hours per shift, Defendants have willfully violated the NYLL Article 19 §§650 *et seq.* and the supporting New York State Department of Labor regulations.

ONE HUNDRED NINETEENTH: As a result of Defendants' violations of the NYLL's spread-of-hours pay provisions, Plaintiff has suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, pre-judgment interest, post-judgment interest, and other compensation pursuant to NYLL Article 6, §198 and Article 19, §663.

## AS AND FOR A SEVENTH CAUSE OF ACTION:
## NEW YORK LABOR LAW ARTICLE 19 ACT –
## NOTICE AND RECORD-KEEPING VIOLATIONS

ONE HUNDRED TWENTIETH:    Plaintiff repeats and re-alleges each and every allegation in all preceding paragraphs as if the same were more fully set forth at length herein.

ONE HUNDRED TWENTY-FIRST:    Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 2, §195(4), Article 19, §661, and supporting regulations.

ONE HUNDRED TWENTY-SECOND:    Defendants failed, at the time of hiring, to provide Plaintiff a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL §195(1)(a).

ONE HUNDRED TWENTY-THIRD:    Defendants failed to provide Plaintiff a statement with every payment of wages, as required by NYLL §195(3).

ONE HUNDRED TWENTY-FOURTH:    At all relevant times, Defendants failed to notify Plaintiff of his statutory rights with respect to earned wages, in violation of the NYLL and 12 NYCRR 137-2.3.

ONE HUNDRED TWENTY-FIFTH:    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendant statutory damages for each workweek that each violation occurred, as well as reasonable attorneys' fees, costs, pre-judgment interest and post-judgment interest, pursuant to NYLL §198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, and seeks the following relief:

(a) Unpaid minimum wages, and an additional and equal amount as liquidated damages, pursuant to FLSA, 29 U.S.C. §216(b), and the supporting United States Department of Labor regulations;

(b) Unpaid overtime pay, and an additional and equal amount as liquidated damages, pursuant to FLSA, 29 U.S.C. §216(b), and the supporting United States Department of Labor regulations;

(c) Unpaid minimum wages pursuant, and an additional and equal amount as liquidated damages, to NYLL Article 6, §198 and Article 19, §663 and the supporting New York State Department of Labor regulations;

(d) Unpaid overtime pay, and an additional and equal amount as liquidated damages, to NYLL Article 19, §663 and the supporting New York State Department of Labor regulations;

(e) Unpaid spread-of-hours pay, and an additional and equal amount as liquidated damages, to NYLL Article 19, §§663, and the supporting New York State Department of Labor regulations;

(f) Statutory damages for Defendants' notice and recordkeeping violations pursuant to NYLL Article 6, §198;

(g) Pre-judgment and post-judgment interest pursuant to New York CPLR §§5001 *et seq.*

(h) Reasonable attorneys' fees, statutory and court costs of this action, pursuant to 29 U.S.C. §216(b), and NYLL Article 6, §198 and Article 19, §663; and

(i) Such other relief as this Court shall deem just, proper and equitable in the premises.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 7, 2014
       Yorktown Heights, New York

                         TULLY LAW OFFICE, P.C.

                         By: ANDREW W. TULLY (AT-8589)

                         Attorneys for the Plaintiff
                         1830 Commerce Street
                         Yorktown Heights, New York 10598
                         Tel.: (914) 245-0044
                         Fax: (914) 245-3464
                         Email: atully@tullylawoffice.com